**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CEDARS ASSISTED LIVING, INC., | CASE NUMBER: |
| Plaintiff | CV17-2604 R (FFMx) |
| v. | |
| MICHAEL BAXTER, et al., | **ORDER REMANDING CASE TO STATE COURT** |
| Defendant(s). | |

The Court <u>sua</u> <u>sponte</u> **REMANDS** this action to the California Superior Court for the County of <u>Los Angeles</u> for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002) (quoting <u>Great N. Ry. Co. v. Alexander</u>, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. <u>Id.</u>; <u>Nevada v. Bank of Am. Corp.</u>, 672 F.3d 661, 667 (9th Cir. 2012); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. <u>Abrego Abrego v.</u>

1   <u>Dow Chem. Co.</u>, 443 F.3d 676, 682 (9th Cir. 2006); <u>Gaus</u>, 980 F.2d at 566-67.  "Under the plain

2   terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the

3   removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal

4   courts." <u>Syngenta Crop Prot.</u>, 537 U.S. at 33.  Failure to do so requires that the case be remanded,

5   as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it

6   lacks jurisdiction." <u>Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.</u>, 346 F.3d 1190,

7   1192 (9th Cir. 2003).  "If at any time before final judgment it appears that the district court lacks

8   subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  It is "elementary

9   that the subject matter jurisdiction of the district court is not a waivable matter and may be raised

10  at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the

11  trial or reviewing court." <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

12          From a review of the Notice of Removal and the state court records provided, it is evident

13  that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

14  ☑ No basis for federal question jurisdiction has been identified:

15          ☑ The Complaint does not include any claim "arising under the Constitution, laws,
16          or treaties of the United States." 28 U.S.C. § 1331.

17          ☑ Removing defendant(s) asserts that the affirmative defenses at issue give rise to
18          federal question jurisdiction, but "the existence of federal jurisdiction depends
19          solely on the plaintiff's claims for relief and not on anticipated defenses to those
            claims." <u>ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality</u>,
20          213 F.3d 1108, 1113 (9th Cir. 2000).  An "affirmative defense based on federal law"
            does not "render[] an action brought in state court removable." <u>Berg v. Leason</u>, 32
21          F.3d 422, 426 (9th Cir. 1994).  A "case may not be removed to federal court on the
22          basis of a federal defense . . . even if the defense is anticipated in the plaintiff's
            complaint, and even if both parties admit that the defense is the only question truly
23          at issue in the case." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Tr.</u>, 463 U.S.
            1, 14 (1983).

24

25          ☑ Removing defendant(s) has not alleged facts sufficient to show that the
26          requirements for removal under 28 U.S.C. § 1443 are satisfied.  Section 1443(1)
            provides for the removal of a civil action filed "[a]gainst any person who is denied
27          or cannot enforce in the courts of such State a right under any law providing for
            the equal civil rights of citizens of the United States . . . ."  Even assuming that the
28          removing defendant(s) has asserted rights provided "by explicit statutory

enactment protecting equal racial civil rights," <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted), defendant(s) has not identified any "state statute or a constitutional provision that purports to command the state courts to ignore the federal rights" or pointed "to anything that suggests that the state court would not enforce [defendant's] civil rights in the state court proceedings." <u>Id.</u> (citation omitted); <u>see also</u> <u>Bogart v. California</u>, 355 F.2d 377, 381-82 (9th Cir. 1966) (holding that conclusionary statements lacking any factual basis cannot support removal under § 1443(1)). Nor does § 1443(2) provide any basis for removal, as it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights" and on state officers who refuse to enforce discriminatory state laws. <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 824 & 824 n.22 (1966).

☑ The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

☐ Removing defendant(s) claims that 28 U.S.C. § 1334 confers jurisdiction on this Court, but the underlying action does not arise under Title 11 of the United States Code.

☑ Diversity jurisdiction is lacking, and/or this case is not removable on that basis:

   ☐ Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a).

   ☑ The Complaint does not allege damages in excess of $75,000, and removing defendant(s) has not plausibly alleged that the amount in controversy requirement has been met. <u>Id.</u>; <u>see</u> <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 135 S. Ct. 547, 554 (2014).

   ☑ The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.

   ☑ Removing defendant(s) is a citizen of California. 28 U.S.C. § 1441(b)(2).

☐ Other:

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior Court of California listed above, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date: April 12, 2017

United States District Judge